IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGAR MORALES CRUZ, et al.,

Plaintiffs,

v.

HOSPITAL MENONITA CAGUAS, et al.,

Defendants.

CIVIL NO. 20-1358 (CVR)

**OPINION AND ORDER**

Plaintiffs filed the present case for medical malpractice and negligence claims[1] under Puerto Rico law against co-Defendants Hospital Menonita Caguas ("Hospital Menonita"), Dr. Jorge Soto del Cueto and Dr. Ernesto García Santiago for treatment rendered to Mr. Francisco Morales Torres that culminated in his death. Plaintiffs are Edgar Morales Cruz, the decedent's son, and Adalberto Luis Pamies his grandson, who stands in the place of his late mother in the estate. In addition, the Complaint was recently amended to add Francisco Morales Cruz (collectively "Plaintiffs"). The Complaint asserts both a wrongful death claim covering Plaintiffs' own pain and suffering, as well as an inherited survivorship claim for the pain and suffering the decedent underwent before his death.

Before the Court is Hospital Menonita's "Motion to Dismiss Survivorship Action for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and/or 12(h)(3)." Hospital Menonita asks the Court to dismiss the survivorship claim, arguing that

---

[1] The Puerto Rico Civil Code was amended in 2020. The actions in the present case occurred when the old Code was still in effect. Therefore, the Court analyzes the issues in this case under the provisions of the old Code. See P.R. Laws Ann., tit. 31 §11720.

Edgar Morales Cruz, et al. v. Hospital Menonita Caguas, et al.
Civil No. 20-1358 (CVR)
Opinion and Order
Page 2
_____

pursuant to Puerto Rico law and caselaw in this District, Plaintiffs failed to join a necessary[2] party under Fed. R. Civ. P. 19, to wit, Grisel Morales Cruz ("Mrs. Morales"). Mrs. Morales is the daughter of the decedent, who is therefore a forced heir, but is not diverse because she resides in Puerto Rico.  Mrs. Morales filed her own wrongful death and survivorship action in the Puerto Rico courts.  (Docket No. 55).  Under Rule 19, Hospital Menonita avers that she is a required party and, because joining her would destroy diversity and is therefore not feasible, the Court lacks jurisdiction to hear the survivorship claim which must be dismissed.

Plaintiffs' position is that the Court should follow the longstanding caselaw in this District that has held that not all heirs of an estate are required parties in a survivorship claim.  (Docket No. 62).  Before the Court also is Hospital Menonita's reply to Plaintiffs' opposition (Docket No. 69) and Plaintiffs' sur-reply (Docket No. 77).

For the foregoing reasons, the Court DENIES Hospital Menonita's Motion to Dismiss.  (Docket No. 55).

## LEGAL ANALYSIS

Much has been written and debated about this particular issue in this District, and there is a clear split as to whether all heirs to an estate are required parties under the Federal Rules of Civil Procedure.  Compounding this problem, the First Circuit has not had an opportunity to weigh in on this issue on the merits.  The Court's discussion of this issue is brief, as there is no need to reinvent the wheel.  After evaluating the arguments

---

[2] Now labeled a "required" party pursuant to amendments to the Federal Rules.  See Fed.R.Civ.P. 19(a)(1).

Edgar Morales Cruz, et al. v. Hospital Menonita Caguas, et al.
Civil No. 20-1358 (CVR)
Opinion and Order
Page 3
_____

raised by both sides, the Court finds more persuasive the reasoning found in the ample caselaw that holds that a survivorship claim can lie notwithstanding absent members of the estate.

For many years, the rule of law in this District was that not all members of an estate needed to be included in a lawsuit to successfully invoke a survivorship claim. See, *e.g.*, Cintrón v. San Juan Gas, Inc., 79 F.Supp.2d 16, 19 (D.P.R. 1999); Arias-Rosado v. Gonzalez Tirado, 111 F.Supp.2d 96, 99 (D.P.R 2000); Ruiz-Hance v. Puerto Rico Aqueduct & Sewer Auth., 596 F.Supp.2d 223, 229-30 (D.P.R 2009); Meléndez-Ortíz v. Corporación del Centro Cardiovascular de Puerto Rico y del Caribe, Civil No. 05-1781, 2006 WL 2382016, at *2 (D.P.R. Aug. 16, 2006); and Martínez Alvarez v. Ryder Mem'l Hosp., Inc., Civil No. 09-2038, 2010 WL 3431653 at *18, no. 9 (D.P.R. Aug. 31, 2010), among others.

These decisions stem for the Puerto Rico Supreme Court's holding in Tropigas v. Tribunal Superior, 102 D.P.R. 630 (1974), where only the widow asserted the survivorship cause of action in representation of the other members of the estate. The Puerto Rico Supreme Court allowed the representation and reasoned that any of a decedent's heirs was free to exercise an inherited action because it would necessarily benefit all the other heirs, and as long as the estate remained undivided, any one of the heirs could "exercise the actions corresponding to the deceased, provided they result in benefit of the estate, and not in prejudice of the other co-heirs." Id. at 639-640. The Puerto Rico Supreme Court specifically found that the requirement that all heirs be part of the lawsuit violated

the Civil Code.  Id.[3]

This District then decided the often-cited case of Arias-Rosado, where it found that the individual members need not all be part of the survivorship claim.  The Arias-Rosado Court found that simply because the estate was not distinct from its members did not automatically mean that its participants had to jointly appear to assert or defend every claim affecting the estate.  Id., at 99.  Citing to Tropigas and Danz, it explicitly held that any judgment in favor of one or more of the heirs benefitted all the estate, while an adverse judgment only affected those members involved in the lawsuit.[4]  In other words, the logic was that a win was a win for everyone, whereas a loss was a loss for only those involved in the case.  Because the interests of the absent heirs were thus protected, complete relief could be afforded even with absent parties.  Arias-Rosado, 111 F.Supp.2d at 99.

A contrary view was adopted for the first time in this District in the case of Cruz Gascot v. HIMA San Pablo, et al, 728 F.Supp.2d 14 (D.P.R. 2010), where the Court found that all the heirs were indispensable parties in a survivorship claim.  It held that absent heirs could be harmed by not being present and viewed the issue as an attempt to defeat diversity requirements.  Several other cases in this District followed suit, see, *e.g.*, Segura Sánchez v. Hospital General Menonita, Inc. et al., 953 F.Supp.2d 344 (D.P.R. 2013);

---

[3] Other Puerto Rico cases have also found that each member of the estate has an individual right to do as he or she sees fit with his portion thereof and can, in fact, act individually for the benefit of the estate.  See Danz v. Suau, 82 D.P.R. (1961) and Pérez v. Cancel, 76 D.P.R. 667 (1954). But see Vilanova v. Vilanova, 184 D.P.R. 824 (2012) (opposite conclusion).  This discrepancy is an issue for the Puerto Rico Supreme Court to resolve.

[4] As to this issue, civil law commentators also opined that "an heir who exercises the right of the decedent does not acquire anything for himself or herself, but rather acquires damages in favor of the inheritance."  See XII Scaevola, Código Civil, Book III, Tit. III, 1950 ed., 55.

Case 3:20-cv-01358-CVR   Document 93   Filed 10/05/22   Page 5 of 7

Edgar Morales Cruz, et al. v. Hospital Menonita Caguas, et al.
Civil No. 20-1358 (CVR)
Opinion and Order
Page 5
_____

Betancourt v. United States, No. 12-1326, 2014 WL 5846745 at *2-3, (D.P.R. Nov. 12, 2014); and González v. Presbyterian Community Hosp., Inc., 103 F.Supp.3d 198 (D.P.R. 2015), among others.

More recently, this Court issued a well-reasoned and thorough analysis of the competing positions in Pagán-Hermina v. Hosp. Dr. Susoni, Inc., Civil No. 20-1761, 2022 WL 993602 (D.P.R. Apr. 1, 2022).  After studying the conflicting case law, the Pagán-Hermina case found against requiring all heirs to be parties to a survivorship action.  It discussed the reasoning for the dismissal raised in Cruz Gascot and noted that "[i]t is curious that by requiring the non-diverse absent heirs to join the suit under the guise of protecting their interests, the absent heirs were actually harmed by the dismissal of the suit."  Pagán-Hermina, 2022 WL 993602 at *9.  The end result of forcing all members of the estate to be present while alleging to protect their interests was that the non-diverse parties' interests were not at all protected, and all of the members of the estate were unable to vindicate their survivorship rights in federal court.

The Court agrees with the holding of Pagán-Hermina, finding that justice cannot be served when the estate as a whole is deprived of the opportunity to bring a survivorship action in the forum chosen by the acting heirs in a proceeding where they have an interest, simply because not all the heirs are able or willing to participate.  Like Pagán-Hermina, the Court today finds that exercising a survivorship action more closely resembles an act of administration of the estate, as opposed to one of alteration of the estate, because a survivorship action gives the estate the opportunity to increase its value in case of a

favorable judgment which benefits all heirs, including any absent ones, without suffering any loss. Thus, the heirs who bring the claim have the same goal in the survivorship action as the non-present heirs, which is to recover for damages suffered by the deceased family member, and can adequately protect the interests of all the estate's members. Requiring all heirs to act in unison at all times is impracticable, simply because some of them may not be able to or even be interested in participating in a lawsuit.

Finally, this conclusion is also in line with the Puerto Rico Supreme Court's clear holding in Tropigas and with the First Circuit's statement in Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 23 (1st Cir. 2010), where it noted that it harbored "considerable skepticism" that non-diverse absent heirs were indispensable parties under Rule 19.

Accordingly, Hospital Menonita's Motion to Dismiss the survivorship claim is DENIED. (Docket No. 55).

## CONCLUSION

For the reasons explained above, the Court concludes that mandatory joinder of all the heirs in a survivorship action is impracticable and holds that all members of an estate are not required parties to bring forth this type of claim. Consequently, Hospital Menonita's "Motion to Dismiss Survivorship Action for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and/or 12(h)(3)" is DENIED. (Docket No. 55).

IT IS SO ORDERED.

Edgar Morales Cruz, et al. v. Hospital Menonita Caguas, et al.
Civil No. 20-1358 (CVR)
Opinion and Order
Page 7
_____

      In San Juan, Puerto Rico, on this 5th day of October 2022.

                                    S/CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ RIVE
                                    UNITED STATES MAGISTRATE JUDGE