IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGAR MORALES CRUZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPITAL MENONITA CAGUAS, INC., et al.,<br><br>Defendants | CIVIL NO. 20-1358 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On November 22, 2019, Francisco Morales Torres ("Mr. Morales Torres") underwent an elective surgery at co-Defendant Hospital Menonita Caguas, Inc. ("Hospital Menonita"). Complications from the surgery ultimately caused his demise which is the basis of the present case.

Plaintiffs are Mr. Morales Torres' son, Edgar Morales Cruz ("Edgar") and grandson Adalberto Luis Pamies Morales ("Adalberto"). On September 23, 2022, the Complaint was amended to add a second son, Francisco Morales Cruz ("Francisco" collectively "Plaintiffs").[1] Plaintiffs proffer that Hospital Menonita, together with Dr. Jorge Soto del Cueto ("Dr. Soto") and Dr. Ernesto García Santiago ("Dr. García"), are liable to them under Articles 1802 and 1803[2] of the Puerto Rico Civil Code for the negligent treatment

---

[1] Plaintiff Francisco and the late Mr. Morales Torres share their first and last name. Plaintiff Edgar shares his last name with both his father Mr. Morales Torres and his brother Francisco. For the sake of clarity, the Court will refer hereafter to the individual Plaintiffs by their first names. No disrespect is intended by the Court in so doing.

[2] The Puerto Rico Civil Code was amended in 2020. The actions in the present case occurred when the previous Code was still in effect. Therefore, the Court analyzes the issues in this case under the provisions of the old Code. See P.R. Laws Ann., tit. 31 §11720.

rendered to Mr. Morales Torres while hospitalized at said institution. The Amended Complaint asserts both a wrongful death claim for Plaintiffs' own pain and suffering as well as an inherited survivorship claim for the pain and suffering Mr. Morales Torres underwent before his death.

Before the Court is co-Defendant Dr. Soto's "Motion for Partial Summary Judgment" (Docket No. 104) and Plaintiffs' opposition thereto (Docket No. 115). In a related matter, before the Court also is Plaintiffs' "Motion for Relief from Order at ECF No. 106" which seeks to vacate an Order from the Court allowing Hospital Menonita to join to Dr. Soto's Motion, and Hospital Menonita's opposition thereto. (Docket Nos. 112 and 113).

For the reasons explained below, co-Defendant Dr. Soto's "Motion for Partial Summary Judgment" is GRANTED and Plaintiffs' "Motion for Relief from Order at ECF No. 106" is DENIED.

**PROCEDURAL HISTORY**

The Court summarizes the relevant procedural history of the case at bar as it pertains to the pending motions.

1. May 12, 2022 - Hospital Menonita filed a Motion to Dismiss the survivorship action for failure to join a necessary party. (Docket No. 55).

2. June 17, 2022 - Plaintiffs Edgar and Adalberto filed their opposition to the Motion to Dismiss. (Docket No. 62).

3. July 19, 2022 - Hospital Menonita filed its Reply to Plaintiffs' opposition. (Docket No. 69).

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 3 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 3
_____

4. August 19, 2022 - Plaintiffs filed their Sur-reply to Hospital Menonita's Reply. (Docket No. 77).

5. September 16, 2022 - Plaintiffs Edgar and Adalberto requested leave to file an amended complaint to include Francisco as a Plaintiff. (Docket No. 83).

6. September 23, 2022 -

    a. The Court granted Plaintiffs' request to file an amended complaint. (Docket No. 84).

    b. Hospital Menonita filed a Motion for Reconsideration and opposed the petition to file an amended complaint, realleging lack of a necessary party and averring that Francisco's claims were time-barred. (Docket No. 85).

    c. Plaintiffs filed their Amended Complaint, which included Francisco as a Plaintiff. (Docket No. 86).

    d. The Court denied Hospital Menonita's Motion for Reconsideration and allowed the parties limited discovery only as to Francisco's causes of action. (Docket No. 87).

7. October 5, 2022 - The Court issued an Opinion and Order denying Hospital Menonita's Motion to Dismiss the survivorship action, finding not all heirs were necessary parties to a survivorship claim. (Docket No. 93).

8. December 1, 2022 - Hospital Menonita filed its Answer to the Amended Complaint. (Docket No. 97).

9. February 28, 2023 -

    a. Dr. Soto filed a Motion for Partial Summary Judgment alleging Francisco's claims were time barred. (Docket No. 104).

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 4 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 4
_____

    b. Hospital Menonita filed a Motion to Join Dr. Soto's Motion for Partial Summary Judgment. (Docket No. 105).

    c. The Court granted Hospital Menonita's Motion to Join Dr. Soto's Motion. (Docket No. 106).

    d. Dr. García filed a Motion to Join Dr. Soto's Motion for Partial Summary Judgment. (Docket No. 107)

    e. The Court granted Dr. Garcia's Motion to Join Dr. Soto's Motion for Partial Summary Judgment. (Docket No. 108).

10. March 23, 2023 - Plaintiffs filed a Motion from Relief from Order asking the Court to vacate its Order granting Hospital Menonita's Motion to Join Dr. Soto's Motion for Partial Summary Judgment averring Hospital Menonita was precluded from raising the time-bar defense. (Docket No. 112).

11. April 13, 2023 - Hospital Menonita filed an opposition thereto. (Docket No. 114).

12. April 28, 2023 - Plaintiffs filed their opposition to Dr. Soto's Motion for Partial Summary Judgment. (Docket No. 115).

**STANDARD**

Summary judgment is appropriate if "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (a) and (c). Pursuant to the explicit language of the rule, the moving party must establish this two-fold element. Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d

174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed material if it could potentially affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must then "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy.

Time and again, the First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also Colón v. Infotech Aerospace Servs.,

Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is - and what is not - genuinely controverted.'" Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Facts which are properly supported "shall be deemed admitted unless properly controverted" and the Court is free to ignore such facts that are not properly supported. Loc. Rule 56(e); Rodríguez-Severino v. UTC Aerospace Sys., 52 F.4th 448 (1st Cir. 2022).

### UNCONTESTED FACTS[3]

1. Co-Plaintiffs Francisco and Edgar Morales are Mr. Morales Torres' sons. Docket No. 55, Exhibit 1.

2. Co-Plaintiff Adalberto Pamies is Mr. Morales Torres' grandson and heir. Docket No. 55, Exhibit 1.

3. On November 22, 2019, Mr. Morales Torres went to Hospital Menonita to undergo an elective surgery, and passed away on November 24, 2019, while still hospitalized. D. Exhibit 5, p. 55, l. 17-24; p. 56, l. 1-2, 15-24; p. 57, l. 1-4.

4. Edgar called Francisco the evening of November 24, 2019, and told him their father had passed away. D. Exhibit 5, p. 55, p. 56, l. 12-17.

5. Mr. Morales Torres was buried on Wednesday, November 27, 2019. D. Exhibit 5, p. 58, l. 5-7.

6. The day of Mr. Morales Torres' funeral, Edgar told Francisco that he was going to file a lawsuit because "they killed Papi ['daddy'] at the hospital." D. Exhibit

---

[3] Co-Defendant Dr. Soto submitted 138 uncontested facts in support of his motion, and many of them failed to include citations to the record as required by Local Rule 56 (b) and (e). For this reason, the Court did not consider the statements that were not compliant with the rule. Additionally, many of the facts submitted were not material to the disposition of the issue the motion addresses, to wit, whether Francisco's claims are time-barred.

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 7 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 7
_____

5, p. 9, l. 8-14; p. 10, l. 5-8; p. 10, l. 22-24; D. Exhibit 6, p. 40, l. 16-25.

7. The conversation between brothers Edgar and Francisco occurred about an hour after they buried their father.  D. Exhibit 5, p. 10, l. 20-21.

8. At that time, Francisco told Edgar that he was not interested in suing and did not want to hear about lawsuits and told him to "forget it" as that would not bring their father back.  D. Exhibit 5, p. 11, l. 3-17.

9. Francisco did not want to get involved in the case because he was grieving.  D. Exhibit 5, p. 11, l. 11-12.

10. On July 21, 2020, Edgar and Adalberto filed a Complaint against Hospital Menonita, Dr. Soto and Dr. García.  Docket No. 1.

11. Discovery in the present case was completed on July 15, 2022.  Docket No. 59.

12. On September 16, 2022, Plaintiffs filed for leave to file an Amended Complaint "to add the last heir to the decedent, Mr. Francisco Morales Cruz" and "to avoid any prejudice to his relatives in the case."  Docket No. 83, p. 2, ¶¶ 2 and 5.

13. The Motion for Leave to Amend the Complaint indicated that, when counsel for Plaintiffs called Francisco in 2022, he "confirmed what his brother and sister had previously indicated, that he did not want to participate in this case."  Docket No. 83, p. 2, ¶ 5.

14. The Court granted leave to file the Amended Complaint on September 23, 2022.  At that time, Defendants' Motion to Dismiss the survivorship claim for lack of subject matter jurisdiction was pending, alleging failure to join a necessary party.  Docket Nos. 55, 84 and 93.

15. Francisco was included as a Plaintiff in the present case almost three (3) years

after his father passed away. Docket No. 86.

## LEGAL ANALYSIS

**A. Time-bar.**

Defendants aver that Mr. Morales Torres passed away on November 24, 2019, and the Complaint was amended to include Francisco's claims in September 2022, more than a year after his death. In Francisco's deposition, he admitted that he was aware that his father passed away on the same day it occurred, after his brother Edgar called and informed him. Francisco was also present at his father's funeral three (3) days later and told his brother Edgar he was not interested in participating in a lawsuit after Edgar mentioned that they would be seeking relief in court. Additionally, no efforts were made by Francisco to file a timely complaint of his own or otherwise toll the statute of limitations period. For these reasons, Defendants' position is that Francisco's claims for damages are time-barred and must be dismissed.

In Plaintiffs' opposition, they proffer that Edgar never told Francisco about the present case and Francisco did not know Defendants had committed any wrongdoing until after he read the expert report in September 2022. They argue that, for the statute of limitations to begin to run, Francisco must have known that Defendants did something wrong and that his brother had filed a lawsuit claiming negligence. Plaintiffs claim Francisco knew of neither until late 2022, and thus, the request to dismiss must be denied.

"The law of Puerto Rico, which governs this diversity case, sets a one-year statute of limitations for tort actions", which must be filed no later than one year after the aggrieved person knew of the injury. Ramos-Báez v. Bossolo-López, 240 F.3d 92, 93 (1st Cir. 2001) (*citing* P.R. Laws Ann. tit. 31, § 5298 (1930)). The clock starts ticking "when

the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine & Fire Ins. Co. v. Perez & Cia., de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998) (*citing* Colón Prieto v. Geigel, 115 D.P.R. 232, 243-244 (1984). A plaintiff acquires notice of who caused the injury when he or she is "aware of some level of reasonable likelihood of legal liability on the part of the person or entity that caused the injury." Reyes-Santana v. Hosp. Ryder Mem'l, Inc., 130 F.Supp.2d 270, 275 (D.P.R. 2001); see also Rodríguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997) (A plaintiff has "knowledge" of the injury when she has "notice of the injury, plus notice of the person who caused it."); Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365, 374 (2012) (Knowledge occurs "when the claimant knew, or should have known that they suffered any injury, who caused it and the elements necessary to be able to effectively pursue their cause of action").

A party's obligation to timely assert his or her legal rights goes hand in hand with the need to employ due diligence, meaning the parties must "promptly assert their rights" and make "active efforts to seek answers and clarify doubts," instead of merely waiting "for answers to fall from the sky [...] when faced with facts that create a reasonable basis for concern about negligence." Est. of Alicano Ayala v. Philip Morris, Inc., 263 F. Supp. 2d 311, 317 (D.P.R. 2003). Once a duty to inquire is established, a plaintiff is charged "with the knowledge of what he or she would have uncovered through a reasonably diligent investigation." McIntyre v. United States, 367 F.3d 38, 52 (1st Cir. 2004). When a party files a case past the one-year mark after the injury, he bears the burden of proving that he lacked the requisite knowledge at the relevant time. Espada v. Cancel Lugo, 312

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 10 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 10
_____

F.3d 1, 4 (1st Cir. 2002); Calderón-Amezquita v. Rivera-Cruz, 483 F. Supp. 3d 89, 104 (D.P.R. 2020).

On the other hand, the applicable statute of limitations for a tort action may be tolled under appropriate circumstances. Pursuant to Article 1873 of the Puerto Rico Civil Code, a prescriptive period may be tolled in one of three ways, to wit, by the institution of an action "before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303 (1930).

Turning to the present case, there is no dispute that Mr. Morales Torres passed away on November 24, 2019. It is also uncontroverted that Francisco knew his father passed away that same day, and that his brother Edgar spoke to him after the funeral a few days later and told him that he believed the hospital had caused their father's death and he would be filing a lawsuit. Francisco's answer to that statement was to "forget it" as he was not interested in participating because it would not bring their father back.[4] Therefore, it is uncontested that Francisco knew of his father's death and the identity of who had caused it at least on November 24, 2019, when his father passed away or at the latest, on November 27, 2019, when he was buried.

Consequently, pursuant to Puerto Rico law, Francisco had one (1) year from said dates to file his claims against Hospital Menonita, Dr. Soto, and Dr. García. The present case was filed by co-Plaintiffs Edgar and Adalberto on July 21, 2020, well within the applicable time period. The Complaint, however, did not include Francisco. (See Docket No. 1). The amendment to include him as a co-Plaintiff was not filed until September

---

[4] D. Exhibit 5, p. 11, l. 3-17.

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 11 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 11
_____

2022, substantially past the one-year mark. (Docket No. 86). Thus, Francisco failed to timely file his claims against Hospital Menonita, Dr. Soto, and Dr. García.

Francisco's defense is that his brother Edgar failed to tell him he had filed the case and he was unaware that malpractice had been committed until he read the expert report several years later. As such, Francisco proffers the statute of limitations did not begin to run until that time. The Court cannot agree for several reasons.

First, Plaintiffs' argument that the statute did not begin to run until Francisco knew that his family members had filed a lawsuit is a non-starter. The law is clear in that injury and knowledge of the person who caused it is the marker that starts the clock ticking. Colón-Prieto, 115 D.P.R. at 243-344. Whether or not Francisco knew his relatives had filed a suit is irrelevant to that determination.

Second, Francisco's deposition testimony was clear in that his brother Edgar explicitly told him the day of his father's funeral that he thought the hospital had killed their father and he was going to sue. Francisco's answer to this, in no uncertain terms, was that he did not want to hear about it and did not want to get involved.[5] It is evident that from the beginning Francisco told his brother that he was not interested in participating. Hence, it is not surprising that Edgar did not tell Francisco that the present case had been filed, as Francisco was quite adamant that he wanted no part of it.

Francisco's reason for not participating in the case since its inception was because "he was still grieving."[6] While this may be a valid personal explanation for his refusal to

---

[5] See D. Exhibit 5, p. 111, l. 13-17. "Don't bother me with stupid things like that. Okay? Don't bother me with that stuff right now. Okay? And leave me alone. *Whatever you guys want to do, that's your problem. Don't mix me into it*." (Emphasis added).

[6] D. Exhibit 5, p. 11, l. 1-17.

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 12 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 12
_____

be included, that course of action has consequences and cannot serve to undermine the rights of the Defendants and of co-Plaintiffs Edgar and Adalberto, who diligently investigated and pursued their claims. Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir. 1990) ("Equity, after all, ministers to the vigilant, not to those who slumber upon their rights").

Third, Francisco's deposition testimony indicates that he was "curious" about what had happened to his father at the hospital, but he never did anything about it.[7] This fact, coupled with his brother's rather blunt comment that the hospital had killed their father and he would sue, should have prompted Francisco to exercise due diligence in this case, or at least follow up with his siblings as to the status of the claims. Once Francisco became curious, he had a duty to inquire and find out more about his father's death or at a minimum, keep tabs on the case through his family. See Espada, 312 F.3d at 4; Rodríguez-Suris, 123 F.3d at 16 ("Actual knowledge is not necessary to activate the statute of limitations where, by due diligence, such knowledge would likely have been acquired"); Kaiser v. Armstrong World Indus., Inc., 872 F.2d 512, 516 (1st Cir. 1989) ("The law does not require, however, knowledge of 'the exact name of the tortfeasor or the precise intracorporate relationships'").

To this effect, Francisco admitted that he did not ask anyone, never requested medical records, never spoke to the family about it, and did not further investigate the curiosity he had because it would not bring his father back. Francisco had every opportunity to investigate and find out what happened to his father. In fact, he had the

---

[7] D. Exhibit 5, p. 13, l. 2-17.

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 13 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 13
_____

same opportunity his brother Edgar and his nephew Adalberto had, an opportunity they fully availed themselves of, whereas Francisco did not.  The diligence required "is that of a 'reasonable man' under like circumstances" which is precisely the diligence his brother and nephew showed in pursuing this case.  Est. of Alicano Ayala, 263 F. Supp. 2d at 316.  To come now two years after the fact and say he was not a part of the lawsuit because he was not told about it and was not aware negligence had been committed until he read the expert report simply rings hollow.

The Court must also mention the convenient timing of Francisco's entry into the case.  Although the expert report in this case is dated March 9, 2020, it was not until September 9, 2022, that Francisco received it, two years after the case had been filed and *after* the issue of the survivorship action had been raised by Defendants.  As a result of Francisco not being a part of the case, the survivorship claim was in danger of being dismissed.  Indeed, the Amended Complaint expressly admitted that Francisco only entered the case to avoid prejudice to the other co-Plaintiffs.  See Uncontested Fact No. 12.  After the Court granted leave to amend the complaint, the Court resolved the issue raised in the Motion to Dismiss holding that all members of an estate were not necessary parties in a survivorship claim.  It is evident to the Court that Francisco joined the case to avoid dismissal of the survivorship case and not because Edgar or anyone else in his family failed to inform him of the pending lawsuit, a fact which Francisco admitted.  Id.

If more were needed, Plaintiffs acknowledged in the Motion for Leave to Amend the Complaint that Francisco was never interested in being a part of the case by proffering that "[h]ere, undersigned Counsel contacted Mr. Francisco Morales Cruz to discuss his participation in this case.  Mr. Morales Cruz confirmed what his brother (sic) and sister

Case 3:20-cv-01358-CVR   Document 116   Filed 05/05/23   Page 14 of 17

Edgar Morales Cruz, et al., v. Hospital Menonita Caguas, et al.
Opinion and Order
Civil 20-1358 (CVR)
Page 14
_____

had previously indicated that he did not want to participate in this case." (Docket No. 83, p. 2, ¶ 5).[8] Thus, the Court can only conclude that Francisco never intended to be a part of this case and that is the reason why he was not a named as a plaintiff when it was filed.

There is also no evidence on the record to establish that Francisco somehow interrupted the statute of limitations within the year for his claims to be tolled. "Although prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff." Tokyo Marine, 142 F.3d at 4; see also Kery v. Am. Airlines, Inc., 931 F. Supp. 947, 951 (D.P.R. 1995) ("The burden of proving tolling, either through direct or circumstantial evidence, falls upon the party asserting it"). No interruption of the term was made, and it is apparent that Francisco did not take any affirmative steps in furtherance of his rights because he was not concerned with pursuing any claims arising from his father's death. As previously stated, Francisco only intervened in the present case to avoid the outright dismissal of the survivorship claim as to the other Plaintiffs, which the Court eventually declined to do.

Finally, there is no evidence that Francisco was somehow incapacitated or was subject to any other condition to excuse his failure to timely exercise his rights as to any claims that may arise from his father's death. See Jiménez v. Peninsular & Oriental Steam Nav. Co., 974 F.2d 221, 225-26 (1st Cir. 1992) (Finding the District Court has "inherent equitable powers" that could afford relief from a plaintiff's failure to comply with the limitations period under the doctrine of equitable tolling).

In sum, Plaintiff Francisco's claims are time-barred and must be dismissed given

---

[8] Defendants included this as part of their proffered facts in opposition to summary judgment, and Plaintiffs "admit that the Motion for Leave to Amend Complaint at ECF No. 83 contains the quoted language". (Docket No. 115, Exhibit 1, pp. 8-9, ¶ 25).

the undisputed evidence that he failed to timely file his claims and failed to toll the prescriptive period.

### B. Statute of limitations defense.

As detailed in the procedural history of the case, after Dr. Soto filed his Motion for Partial Summary Judgment, the Court granted Hospital Menonita's Motion to Join said Motion. Plaintiffs then filed a "Motion from Relief from Order" where they asked the Court to vacate the order allowing the joinder. (Docket No. 112). Plaintiffs then raised this issue again in support of their opposition to Dr. Soto's Motion arguing that Hospital Menonita is precluded from raising this defense because it failed to include it in its Answer to the Amended Complaint. For this reason, Plaintiffs aver that Hospital Menonita cannot join Dr. Soto's Motion.

In its opposition, Hospital Menonita contends that it explicitly raised the issue that Francisco's claims were time-barred as soon as Plaintiffs sought leave to amend their complaint. Thus, it proffers that Plaintiffs were on notice of this defense even *before* Hospital Menonita filed its Answer to their Amended Complaint, so there can be no surprise or prejudice to Plaintiffs. It was only after filing its Answer to the Amended Complaint that Hospital Menonita deposed Francisco and obtained the relevant evidence needed via his testimony to prove that his claims were time-barred as claimed. Hospital Menonita then joined co-Defendant Dr. Soto's Motion for Partial Summary Judgment under Fed. R. Civ. P. 10(c), adopting by reference all arguments therein.

It is black letter law that a federal court sitting in diversity must apply state substantive law and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). Normally, affirmative defenses under Fed. R. Civ. P. Rule 8(c) must be

pled in the answer to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense, or they are deemed waived. Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found., 402 U.S. 313, 350, 91 S.Ct. 1434, 1453 (1971).

However, the First Circuit has identified exceptions to Rule 8(c)'s bar of untimely affirmative defenses, including when the defendant asserts it without undue delay and the plaintiff will not be unfairly prejudiced by any delay. O'Brien v. Town of Bellingham, 943 F.3d 514, 528 (1st Cir. 2019); Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003).

Even though Hospital Menonita failed to raise the statute of limitations defense as an affirmative defense in its Answer to the Amended Complaint, it clearly meets this criterion. Hospital Menonita raised a potential red flag as to the time-bar issue quite quickly, in its opposition filed barely seven (7) days after Plaintiffs sought leave to amend their complaint. At that time, the details surrounding Francisco's claims were unclear and not on the record, and they did not become fully evident until after he was deposed. It was then that Defendants had all the evidence to sustain their time-bar defense, which they rapidly made the Court aware of via Dr. Soto's Motion for Partial Summary Judgment filed on February 28, 2023, and which Hospital Menonita joined that same day. Therefore, there was no harm or surprise to Plaintiffs from Hospital Menonita's time-bar defense at this juncture.

Additionally, Plaintiffs can hardly say that they were prejudiced by this delay, which they themselves caused by bringing Francisco into the case over two (2) years after it was filed.

In view of the foregoing, Plaintiff's request for relief from the Court's Order is DENIED. (Docket No. 112).

## CONCLUSION

For the above-mentioned reasons, co-Defendant Dr. Soto's "Motion for Partial Summary Judgment" is GRANTED. (Docket No. 104) and Co-Plaintiff Francisco Morales Cruz' claims are DISMISSED WITH PREJUDICE. In addition, Plaintiff's "Motion from Relief from Order at ECF No. 106" is DENIED. (Docket No. 112).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 5th day of May 2023.

                                                      S/CAMILLE L. VELEZ-RIVE
                                                      CAMILLE L. VELEZ-RIVE
                                                      UNITED STATES DISTRICT JUDGE